Parsons v. Able.

JAMES H. PARSONS v. JOSEPH S. ABLE AND ANOTHER.

Where accounts are referred to auditors to examine vouchers and hear testimony, and state the accounts, the parties are entitled to notice of time and place to appear, and produce their vouchers and evidence before the auditors ; and if the auditors fail to give such notice, and objection be taken by exceptions to the report, in proper time, the report cannot be used as evidence on the trial. Notice on the tenth, to appear before auditors on the twelfth, with vouchers and witnesses, is too short.  In this case the party objected to the shortness of the notice when given, and excepted to the report at the earliest opportunity.

Error from Cherokee.  Tried below before the Hon. William W. Morris.

Suit by defendants in error against plaintiff in error, for account of partnership transactions.  November 10th, 1854, two auditors were appointed by the Court, to examine the papers and hear testimony, and state the accounts between the parties.  The auditors filed their report on the 8th of May, 1855 ; and the defendant excepted thereto, on the ground that he had not been notified by the auditors, of any time and place when and where they would examine his vouchers and hear the testimony of his witnesses.  The exception was sustained, and the matters re-referred to the same auditors, with instructions to notify the parties of time and place to produce their vouchers and oral evidence.  November 6th, 1855, the auditors returned their former report, stating that they had given the attorney of the defendant due notice to appear before them at a given time and place, as would appear by the said notice appended to the report ; and that no one having appeared on behalf of the said defendant, the auditors had no cause to change their former report, which was again returned. The report did not state the evidence on which it was founded.

Same day defendant excepted to the report of the auditors, on the ground that the notice was not sufficient. There were other grounds, but they are not now important. It appeared that the notice was given on the tenth day of the month, to appear on the twelfth, and that the defendant's attorney objected at the time, that the notice was too short. The exceptions were overruled, and the report was read in evidence to the jury; but the defendant was allowed to introduce evidence to show its error which had been designated by his exceptions; and the Court charged the jury to the effect that they were to be governed by the report of the auditors, except so far as they might find that it had been proved to be incorrect. The plaintiffs had a verdict; judgment; motion for new trial overruled, &c. There was a remititur of $502 68.

*Donley & Anderson*, for plaintiff in error.

WHEELER, J. The duty assigned to the auditors, required the examination of witnesses and the hearing of evidence, in order to ascertain the state of accounts between the partners. Of course the parties must have notice, to enable them to come prepared with their evidence at the hearing. The first report having been made upon an *ex parte* hearing, and without notice to the defendant or his attorney, was very properly rejected by the Court, and the case referred back to the auditors. If the auditors had then given reasonable notice of the time and place of hearing, and the defendant had failed to attend, they might have proceeded with the hearing *ex parte;* or they might have adopted their former report. But notice given on the tenth, of a hearing to be had on the twelfth of the same month, cannot be deemed reasonable notice. The defendant could not reasonably be required to come prepared with his evidence upon so short a notice. The Statute does not prescribe what notice shall be given; but surely, it should not be less than is allowed by law to prepare for a trial in

any Court. In the District Court, in addition to the notice required by law, the defendant is allowed time for pleading, before he can be required to go to trial; and in the Justice's Court he is required to have five entire days' notice. The attorney objected that the notice was not sufficient at the time it was given; and he excepted to the report at the earliest opportunity. The exception ought to have been sustained. The effect of admitting the report in evidence, under the further ruling of the Court in the charge to the jury, was to enable the plaintiffs to make out a *prima facie* case, by evidence obtained by means of an *ex parte* hearing; and thus to deprive the defendant of a fair trial, upon equal terms, before the jury.

For the error in admitting the report in evidence, the judgment is reversed and the cause remanded.

Reversed and remanded.